FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 1 3 2015

TIM RHODES
COURT CLERK

35

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

STEVE SHANNON,
    *Plaintiff,*
vs.
TRANSFORCE, INC.,
    *Defendant.*

Case No.: CJ 2015-191

## PETITION

COMES NOW Plaintiff, STEVE SHANNON, by and through his attorney of record, Robert J. Wagner and Jon J. Gores of WAGNER & WAGNER, P.C., and for his cause of action against the Defendants alleges and states as follows:

### PARTIES

1. Plaintiff, STEVE SHANNON (hereinafter "Plaintiff"), is a resident of Oklahoma County, State of Oklahoma, who was employed by Defendant, TRANSFORCE, INC. (hereinafter "Defendant") as a truck driver for the Oklahoma City branch of Defendant from on or around April 8, 2013 through his termination on May 2, 2014.

2. Plaintiff is an African-American male who has or was perceived as having a disability through various injuries sustained on the job.

3. Defendant is upon information and belief a Corporation established under the laws of the state of Delaware conducting business in the state of Oklahoma with its registered service agent in Oklahoma County.

### JURISDICTION AND VENUE

4. This is a cause of action for discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, on the account of race and gender; discrimination



and being denied a reasonable accommodation and interactive process due to a real or perceived disability in violation of the Americans with Disabilities Act of 1990, as amended; violation of the Oklahoma Anti-Discrimination Act; wrongful termination as a result of a retaliatory discharge in violation of Title 85 O.S. §341; and Negligence.

5. All of the actions complained of occurred in Oklahoma County, Oklahoma, and venue is proper in the District Court of Oklahoma County.

## CAUSES OF ACTION

6. Plaintiff was employed by Defendant for a little over one year when he was hired on or around April 8, 2013 as a truck driver for Defendant's branch in Oklahoma City.

7. Defendant as a truck driver staffing agency would assign Plaintiff to drive for various companies within the service area of the Oklahoma City Metro.

8. Early into Plaintiff's employment with Defendant he injured his Achilles' tendon while on assignment.

9. Plaintiff sustained an on the job injury while employed by Defendant.

10. Plaintiff notified the Defendant of the injury and sought medical treatment.

11. Plaintiff filed a Workers' Compensation claim, and after getting some treatment, Plaintiff was released to return to work.

12. Plaintiff requested assignments that would allow him overtime pay.

13. Plaintiff was denied these assignments and was sent to other jobs in which no overtime was available.

14. Similarly situated white truck drivers were allowed these assignments that granted overtime while no reason was provided to Plaintiff for the denial for his requests.

15. Plaintiff continued to requests assignments that allowed overtime despite the denials by the staffing agent.

16. Although Plaintiff was able to meet the essential requirements of his job, he was still suffering from injuries he had sustained and was in need of follow-up medical care.

17. Plaintiff requested an accommodation to work for less strenuous routes in which he drove previously, but his requests for a reasonable accommodation were denied.

18. Plaintiff was not giving an interactive process to discuss the requests for the accommodation.

19. Defendant instead of allowing Plaintiff reasonable requests to drive less physically demanding routes was assigned to more physically demanding assignments such that required him to climb towers and move very heavy power jacks.

20. Plaintiff made numerous attempts to discuss the requests with Defendant but no action was taken.

21. Plaintiff learned from a co-worker that whenever he called to make a request his phone number was ignored.

22. Intentionally ignoring a call knowing Plaintiff is calling to request an accommodation is intentional discrimination.

23. Continuing to do his assigned routes, Plaintiff sustained more injuries on the job.

24. Plaintiff learned from a female co-worker that she was being assigned to more favorable routes by the staffing agency.

25. Plaintiff was told by the female co-worker that she was getting these easier assignments because she had a disability.

26. If the reason for Plaintiff's denial of his request for accommodation was not because of his disability, then he was discriminated against on the basis of his gender being assigning more favorable routes to females than to males.

27. Plaintiff was required to attend a company meeting in January 2014 during which the speaker stated that if you file a Workers' Compensation claim or anything of that nature you will no longer be employed with Defendant even if you were hurt.

28. Defendant terminated the employment of Plaintiff in violation of Title 85 O.S. § 341. Plaintiff was discriminated against and ultimately terminated because he initiated proceedings under the Workers' Compensation Act of Oklahoma.

29. Plaintiff was not terminated for any other reason but to discourage other employees for filing for benefits under the Workers' Compensation Act, nor was he terminated because he was unable to perform his job with Defendant.

30. Furthermore, Plaintiff requested to be assigned to less strenuous truck driving assignments that were available but was denied this reasonable accommodation in violation of the Americans with Disabilities Act of 1990, as amended.

31. No interactive process was initiated regarding Plaintiff's request for reasonable accommodation in further violation.

32. Plaintiff is entitled to reinstatement to a position that he requested or to an equivalent employment position.

33. That in discharging Plaintiff in violation of the Workers' Compensation law of the State of Oklahoma, the Defendant has subverted the purpose of the Workers'

Compensation Act and is guilty of oppression and malice for which the Plaintiff is entitled to punitive damages in an amount in excess of ten thousand dollars ($10,000.00) and up to one hundred thousand ($100,000.00) dollars in punitive damages as authorized by statute.

34. As a result of the discharge of Plaintiff in violation of the Workers' Compensation laws, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages. Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

35. Plaintiff filed a "Charge" of discrimination with the Equal Employment Opportunities Commission (EEOC) charge number 564-2014-00945 on the 25th day of July 2014 attached hereto as (Exhibit-1).

36. A Notice of Suit Rights was issued by the EEOC on the 15th day of October 2014, and a copy of the notice is attached hereto as (Exhibit-2) and incorporated herein by this reference.

## CAUSE OF ACTION

### *COUNT I*

**Violation of Title VII of the Civil Rights Act of 1964**

Plaintiff incorporates all prior allegations and further alleges that:

37. Plaintiff was subjected to disparate treatment on the basis of his race being African American.

38. Plaintiff on numerous occasions requested to be assigned overtime jobs, but was denied the opportunity to drive while similarly situated white employees were allowed these assignments.

39. As a result of being denied these other more favorable assignments because of his race Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act of 1964.

40. Further, Plaintiff requested an accommodation for his disability to be assigned to more favorable assignments but was denied, whereas a similarly situated female employee with a disability was granted her request for an accommodation.

41. Being treated different on the basis of gender is in addition violation of Title VII.

42. As a result of accommodating a female employee but refusing to accommodate Plaintiff's similar request for an accommodation because he was male is in addition discrimination in violation of Title VII of the Civil Rights of 1964 if not disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended.

## *COUNT II*

**Violation of Americans with Disabilities Act of 1990, as Amended**

Plaintiff incorporates all prior allegations and further alleges that:

43. Plaintiff was injured multiple times during the course of his employment with Defendant.

44. Plaintiff injuries he sustained while on the job during his recovery made him a disabled or being perceived as being a disabled individual.

45. Plaintiff could at all times perform the essential functions of his job as a truck driver with a reasonable accommodation.

46. Plaintiff requested a reasonable accommodation to drive specific routes for certain companies he previously was assigned to drive which would have accommodated his physical limitations.

47. Plaintiff's repeated requests were ignored and as a result denied.

48. Plaintiff was not allowed an interactive process to discuss his request for reasonable accommodation.

49. Further, Defendant assigned Plaintiff to more physically challenging assignments and took away his less physical assignments to a female driver.

50. Defendant in refusing to conduct an interactive process or to cause a hostile work environment for Plaintiff by assigning him to more physical tasks is in violation of the Americans with Disabilities Act of 1990, as Amended.

51. Plaintiff claims damages as a result of this violation.

## *COUNT III*

**Violation of the Oklahoma Anti-Discrimination Act**

Plaintiff incorporates all prior allegations and further alleges that:

52. Plaintiff in addition to his violations under Title VII alleges discrimination seeks damages for violation of Oklahoma Anti-Discrimination Act (OADA), but only to the extent state law is NOT a duplication of the relevant Federal law or remedies for race and gender discrimination under the OADA.

## *COUNT IV*

**Retaliatory Discharge in Violation of Title 85 O.S. §341**

Plaintiff incorporates all prior allegations and further alleges that:

7

53. Defendant terminated the employment of Plaintiff in violation of Title 85 O.S. §341. Plaintiff was discriminated against and ultimately terminated because he that would have put a reasonable employer on notice that such workers' compensation claim were likely to be initiated under the Workers' Compensation Act of Oklahoma.

54. Plaintiff is entitled to reinstatement to an equivalent employment position.

55. That in discharging Plaintiff, in violation of the Workers' Compensation law of the State of Oklahoma, the Defendants have subverted the purpose of the Workers' Compensation Act and is guilty of oppression and malice for which the Plaintiff is entitled to punitive damages as provided by statute.

As a result of the discharge of Plaintiff in violation of the Workers' Compensation laws, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish, and lost wages. Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

## *COUNT V*

### NEGLIGENCE

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

56. Plaintiff's claims also include issues of negligence in Defendant's failure to properly hire, train, supervise or discipline its employees and management.

57. The negligence in failing to properly hire, train, supervise or discipline those charged with carrying on the company's business are in total disregard to the risks such omissions exposed this employee and the general public to.

58. Punitive damages may be sought as a result of this wanton disregard for human rights.

WHEREFORE, Plaintiff, Steve Shannon, respectfully requests judgment against the Defendant, for actual damages in excess of ten thousand dollars ($10,000.00), for punitive damages in excess of ten thousand dollars ($10,000.00), for reinstatement to an employment position, or in the alternative for Front Pay which also is in excess of ten thousand ($10,000.00) dollars, for Plaintiff's attorney fees and costs, interest, and for such other and further relief as this Court may deem just, equitable and proper through law or equity.

Respectfully submitted by:

WAGNER & WAGNER,
4401 N. Classen Blvd., Ste. 100
Oklahoma City, OK 73118-5038
(405) 521-9499, (Fax) 521-8994
rjw@wagnerfirm.com (e-mail)

By: _____
Robert J. Wagner, OBA #016902
Jon J. Gores, OBA #31068
Attorney for Plaintiff
STEVE SHANNON

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>564-2014-00945 and EEOC |
|---|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Steve H. Shannon | Home Phone (Incl. Area Code)<br>(405) 843-5313 | Date of Birth<br>01-03-1961 |
|---|---|---|

Street Address: 413 W. Britton Rd., #230, Oklahoma City, OK 73114

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>TRANSFORCE INC | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(405) 787-8939 |
|---|---|---|

Street Address: 235 N. Macarthur Blvd., Oklahoma City, OK 73127

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-08-2013   Latest: 05-02-2014
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began work for the Agency on or about April 8, 2013, as a Truck Driver/Class A. Since that time I have been subjected to disparate treatment, in that, I have not been given Overtime but my White similarly Situated Drivers have been given Overtime routes and they have been given better work assignments. I was hurt on the job and filed a Worker's Comp Claim after my on the job injury in May 2014. After my WC injury, I asked for a reasonable accommodation to drive specific routes (A-Tech or Beaver) which would have accommodated my physical limitations. I had previously driven these routes before, but my request was ignored/denied. However, the company did make a reasonable accommodation for a White Female, Carolyn LNU, who also had disability. Ms Suzanne Saltz, a White Female and the Senior Operations Supervisor for the Company is the person who denied my request for reasonable accommodations and made the decisions about who was assigned to specific companies and she knew the type of work that was associated with those company routes. My employment ended with the Company on May 2, 2014.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 7/25/2014   X [signature]
Date   Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Exhibit #:

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [ ] FEPA<br>[X] EEOC | 564-2014-00945 |
| | | and EEOC |
| State or local Agency, if any | | |

The company has not explained why it would have created an undue hardship for them to grant my reasonable accommodation request for easier routes to drive. I was told by my co-worker Carolyn LNU, that she received better routes because she had a disability, but I did too and I had work for the company longer. The Company said that it laid me off on May 2, 2014, due to lack of work.

I believe that I have been subjected to disparate treatment on account of my race (Black) and gender (Male) in violation of Title VII of the Civil Rights Act of 1964, as amended. Furthermore, I was denied a reasonable accommodation due to my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 7-25-2014   X  [signature]<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 161 (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Steve H. Shannon<br>413 W. Britton Rd., #230<br>Oklahoma City, OK 73114 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

☐    On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2014-00945 | Robert T. Hill,<br>Investigator | (405) 231-5857 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state).

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____    10/15/2014
Holly . Waldron Cole,            (Date Mailed)
Area Office Director

Enclosures(s)

cc: Suzzane Saltz
H R Director
TRANSFORCE INC
235 N. Macarthur Blvd., Ste 200
Oklahoma City, OK 73127

Exhibit #: 2